**UNITED STATES of America, Plaintiff,**

v.

**Charles H. HARVEY, Defendant.**

**No. IP 96–0554–C–T/G.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 2, 1999.

Marsha C. Massey, Assistant United States Attorney, Tim A. Baker, Assistant U.S. Attorney, Office of United States Attorney, Indianapolis, IN, for United States of America.

Irving Fink, Yosha Ladendorf Krahulik & Weddle, Indianapolis, IN, for Charles H. Harvey, Rockwood Partnership, Wyckford Associates, Calvin A. Wantland, Jr., Charles V. Traylor, Brattain & Minnix, Indianapolis, IN, Robert A. Rose, Dan Pecar, Newman & Kleiman, Indianapolis, IN, for Sam G. Craig, II, Donald L. Goggins, James G. Goggins.

Irving Fink, Yosha Ladendorf Krahulik & Weddle, Indianapolis, IN, Thomas C. Scherer, Bingham Summers Welsh & Spilman, Indianapolis, IN, for Deci-Ma Management Corp.

## ENTRY REGARDING PLAINTIFF'S COSTS AND FEES

TINDER, District Judge.

Following a bench trial in this cause, the court found in favor of the Plaintiff the United States of America (the "US") and against the Defendant Charles H. Harvey on all counts. This cause now comes before the court on the Statement of the US' Costs and Fees. The Defendant has filed two objections to the US's statement of costs and fees, and the U.S. has filed a reply. On January 22, 1999, the court held

a hearing on the US's request for costs and fees. Having considered the request, the Defendant's objections, and for the reasons stated below, the court finds that the U.S. should be awarded the sum of $84,918.24 in costs and fees.

## I. Background

David Cundiff, Special Agent for the Office of Inspector General for the U.S. Department of Housing and Urban Development, was the sole investigator assigned to the Harvey investigation, which was assigned case number FH07242, designating it as an FHA civil equity skimming case. He began his investigation in August of 1994 and expended a total of 853.5 hours in connection with this case. Of that, Agent Cundiff spent 580 hours conducting his investigation. He conducted interviews, identified businesses which were connected with Harvey from the secretary of state's office, and performed similar duties. His investigation included asset investigation, that is, determining what assets Harvey controlled. Collectability of judgment is almost always evaluated in the course of a civil investigation such as this. Agent Cundiff conducted investigations on the Internet regarding Harvey and some of the businesses with which he had a connection. His investigation established a good faith basis for the lawsuit against Defendant Harvey; provided the information necessary to determine whether Harvey was collectable, a criterion which the U.S. Attorney's office considers when deciding whether to bring a lawsuit; and provided the factual basis for the Assistant United States Attorney's ("AUSA") arguments.

Agent Cundiff expended 181.5 total hours assisting the AUSA assigned to the case, Marsha Massey. His assistance included preparing for depositions, assisting at depositions, identifying documents and locations of documents requested through discovery, and copying and producing same. He also reviewed pleadings in the case and reviewed a draft of the original complaint to ensure that they were accurate and conformed to his knowledge

based upon his investigation. In addition, he accumulated a total of 27 hours of court time, which includes actual court time, preparation for trial, preparation for sequestration hearings, and any other time spent assisting the AUSA in preparing for a hearing or the trial in the case, if that preparation was within one week of the court hearing.

Agent Cundiff expended a total of 63.5 hours on travel, which involved traveling to business locations he had identified, the Secretary of State's office, Bureau of Motor Vehicles, and the U.S. Attorney's office when the weather or number of documents necessitated traveling by car. The amount of travel time in this case is substantially smaller than on other investigations he has conducted. He attributed 1.5 hours to the "other" category, which involves time spent post-trial on internal administrative reports on the case status and retrieving documents.

Based on his experience as an investigator, Agent Cundiff opined that the amount of time he spent investigating this case was not unusual and was substantially less than the amount of time he would spend investigating a criminal case of the same size. He believes the 853.5 hours he expended on this case were reasonable and necessary to the case. Agent Cundiff's rate is $30.90 per hour.

Jeff McDermott, a commercial litigation attorney with 12½ years of experience and partner with the law firm of Krieg Devault Alexander and Capehart, testified as an expert witness for the US. He met with the AUSAs involved in the case and familiarized himself with the work done on the case and met with Mr. Bunch and Agent Cundiff to learn about the work they performed in the case. Mr. McDermott also reviewed pleadings, motions, and briefs that have been filed in the case. Mr. McDermott opined that the 853.5 hours charged to the case by Agent Cundiff were reasonable and necessary. Mr. McDermott spent a total of 15 hours reviewing the reasonableness of the cost and fees

sought by the US, preparing to testify at the January 22, 1999, hearing, and in attending the hearing. His hourly rate charged the U.S. is $185 per hour.

## II. Discussion

The U.S. seeks an award of total costs and fees in the amount of $87,820.59 plus the costs of its expert, Jeff McDermott. In particular, the U.S. seeks an award for the following amounts: (1) $1,459.44 in fees for deposition transcripts; (2) $468.00 in fees for the trial transcript; (3) $1,147.00 for the 31 hours spent by Sam Burch, Senior Asset Manager for the United States Department of Housing and Urban Development ("HUD"), in providing auditing assistance; (4) $148.00 for the 4 hours spent by Keith W. Lerch, an Attorney–Advisor in the HUD Indiana State Office for work performed in connection with this case; (5) $26,373.15 for the 853.5 hours of work performed by Agent Cundiff; and (6) $58,225.00 for the 582.25 hours expended by AUSA Massey performing work associated with this case.

Though Defendant Harvey initially made several objections to the US's Statement of Costs and Fees, (see Def.'s Objections to US' Statement of Costs and Fees), at the January 22, 1999, hearing, he stated through counsel that his only objections were to: (1) charging the total number of hours claimed by Special Agent Cundiff to Harvey, (2) the cost of the transcript for the 30(b)(6) deposition held on February 6, 1997 ($69.00); (3) the cost of Wantland's deposition ($259.95); and (4) the number of hours (15) expended by the US's expert, Mr. McDermott, who testified at the hearing on costs and fees. The Defendant has waived any objections to the fees of Sam Burch, Keith Lerch, and AUSA Massey's fees. He also has waived any objection to any of the hourly rates claimed by the US, including Agent Cundiff's hourly rate.

*A. Authority to Award Fees and Costs*

■ The relevant statute, 12 U.S.C. § 1715z–4a, provides in pertinent part:

(c) Amount recoverable. In any judgment favorable to the United States en-

tered under this section, the Attorney General may recover double the value of the assets and income of the project that the court determines to have been used in violation of the regulatory agreement, or such other form of regulatory control as may be imposed by the Secretary, or any applicable regulation, *plus all costs relating to the action, including but not limited to reasonable attorney and auditing fees.*

12 U.S.C. § 1715z–4a(c) (emphasis added). As to costs:

It is well settled that the district court has broad discretion when determining whether expenses claimed by the prevailing party are taxable as costs. This discretion, however, is not unfettered. In order for the district court to award costs to the prevailing party, the court must determine that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation.

*Weihaupt v. American Med. Ass'n,* 874 F.2d 419, 430 (7th Cir.1989); *see also Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1367 (7th Cir.1990). An award of a reasonable attorney's fees is also within the district court's sound discretion. *See, e.g., McNabola v. Chicago Transit Auth.,* 10 F.3d 501, 518 (7th Cir. 1993) (fees awarded under 42 U.S.C. § 1988).

*B. Application*

As to Agent Cundiff, Defendant Harvey objects that: (1) Cundiff did not detail how he spent his time; (2) he has not shown how much of his time was spent investigating Calvin A. Wantland, Jr., or Deci–Ma Management Corp.; (3) Cundiff's investigation was faulty because summary judgment was granted in favor of Wantland and Deci–Ma; (4) Cundiff has not shown how much of his time was spent investigating Sam G. Craig, II, Donald L. Groggins, or James G. Groggins, all who settled with the U.S. and were dismissed; (5) Cundiff's time spent on asset investigation would

have been more properly spent in connection with proceedings supplementary; (6) his time spent on the investigation of the bankruptcy had nothing to do with this case; (7) his presence at depositions was unnecessary; and (8) his affidavit does not state that his time spent was reasonable or necessary.

Admittedly, Agent Cundiff has not detailed how he spent his time. However, the court finds that the amount of time claimed to have been expended by Agent Cundiff working on this case is reliable because it is based primarily on his daily calendars and monthly reports and, with the exception discussed below, was reasonable and necessary. In addition, Agent Cundiff's testimony at the hearing on the US's request for costs and fees provided a sufficient explanation as to the types of work he performed in connection with this case. Defendant Harvey's objection to the lack of detail as to how Agent Cundiff spent his time is, therefore, **OVERRULED.**

The portion of Agent Cundiff's time attributed to claims which were ultimately dismissed, including time spent investigating Calvin A. Wantland, Jr.; Deci–Ma Management Corp.; Sam G. Craig, II; Donald L. Groggins; and James G. Groggins is inseparable from that portion of his time attributed to the claims against Defendant Harvey. Thus, the court finds that Agent Cundiff's time spent investigating the dismissed claims, including the investigation of Wantland, Deci–Ma, Craig, Groggins, and Groggins, was both reasonable and necessary. Thus, Defendant Harvey's objection to Agent Cundiff's fees on the basis of his investigation of these matters is **OVERRULED.**

Defendant Harvey's objection to time spent by Agent Cundiff in his asset investigation is **OVERRULED.** The evidence presented at the hearing established that the collectability of judgment from a defendant is almost always evaluated in the course of a civil investigation such as this and is a criterion considered by the U.S. in deciding whether to bring a lawsuit such as this.

Defendant Harvey's objection to the portion of Agent Cundiff's time related to the bankruptcy is also **OVERRULED.** The 8 to 16 hours of Agent Cundiff's time spent investigating the bankruptcy matters were also related to his investigation of this case.

Defendant Harvey contends that Agent Cundiff's presence at the various depositions was unnecessary. The court agrees, and, moreover, finds that Agent Cundiff's time expended assisting the AUSA was neither reasonable nor necessary. In considering the time expended by Agent Cundiff in assisting the AUSA, the court is guided by caselaw concerning attorney's fee awards under 42 U.S.C. § 1988.

The starting point for determining a reasonable attorney's fee is the "lodestar," which is obtained by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* The party seeking an award of fees must demonstrate the reasonableness of the hours expended and the hourly rate. *Id.*; *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir.1992). Excessive, redundant or otherwise unnecessary hours should be excluded from a fee request, *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998); *Tomazzoli v. Sheedy*, 804 F.2d 93, 96 (7th Cir.1986); and should be excluded from the court's calculation of the lodestar. *See Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir.1998).

The court finds that much of Agent Cundiff's work in assisting the AUSA was duplicative of work performed by the AUSA. Agent Cundiff is not an attorney, but he reviewed the complaint, pleadings, and briefs in this case, essentially duplicating the work of the AUSA in drafting and reviewing those papers. In assisting the AUSA in preparing for depo-

sitions, Agent Cundiff reviewed the AUSA's outlines of anticipated questions, again essentially duplicating work performed by the AUSA.[1] Though some of the work performed by Agent Cundiff in assisting the AUSA was not duplicative, redundant, or otherwise unnecessary, the court is unable to parse out how much of his assistance was not. By analogy to attorney fee requests under § 1988, the U.S. bears the burden of showing that the hours expended by Agent Cundiff were reasonable. *See Estate of Borst,* 979 F.2d at 515. Because the court is unable to determine how many of the 181.5 hours expended by Agent Cundiff in assisting the AUSA were not duplicative, redundant or otherwise unnecessary, the U.S. has not discharged its burden of proving that the 181.5 hours were reasonably expended. Thus, the Defendant's objection to Agent Cundiff's time at the depositions is **SUSTAINED.**

◼ Agent Cundiff's affidavit does not state that the time he expended was reasonable and necessary. The uncontradicted evidence presented at the hearing, however, supports the determination that, with the exception of his time expended assisting the AUSA, it was. Thus, Defendant Harvey's objection to the affidavit not stating that the time expended was reasonable and necessary is **OVERRULED.**

Agent Cundiff's total hours will be discounted by the 181.5 hours expended assisting the AUSA, and the court will award the U.S. for 672 hours of his time (853.5–181.5) at his rate of $30.90, to which the Defendant did not object. Accordingly, the U.S. will be awarded $20,764.80 for Agent Cundiff's time.

◼ With regard to the 30(b)(6) deposition, the Defendant objects to its cost of $69.00 because his counsel had offered to give an affidavit stating that he had contacted certain people and there was no one to respond to the deposition. Though the cost of this deposition is reasonable, it does not appear that the deposition was necessary for the litigation of this matter. Therefore, the Defendant's objection to the taxation of costs in the amount of $69.00 for this deposition is **SUSTAINED.**

◼ The Defendant objects to the cost of Mr. Wantland's deposition, arguing that Mr. Wantland and Deci–Ma were not proper parties to this case. Even though Mr. Wantland and Deci–Ma were dismissed from this case, Mr. Wantland's deposition was of assistance to the U.S. in prosecuting this case. Much of the information regarding the Defendant, his businesses, Mr. Wantland, and Deci–Ma was intertwined such that information obtained from Mr. Wantland would have been of assistance to the U.S. in prosecuting the case against Defendant Harvey. Without his deposition the U.S. would have been forced to rely on suspicion rather than evidence. Thus, the court finds that Mr. Wantland's deposition was both reasonable and necessary. The Defendant's objection to taxation of costs for this deposition is **OVERRULED.**

The Defendant also objects to the 15 hours expended by the US's expert, Jeff McDermott. However, the court believes that this time spent by Mr. McDermott in reviewing the case was reasonable and necessary. Therefore, the objection to the number of hours expended by Mr. McDermott is **OVERRULED.** The U.S. shall be awarded $2,775.00 for Mr. McDermott's fee ($185/hr × 15 hours).

### III. Conclusion

For the foregoing reasons, the court finds that the U.S. should be awarded costs and fees in the total sum of $84,-918.24. This total award is obtained by adding the following reasonable and necessary costs and fees:

---

1. It is noted that Agent Cundiff suggested additional areas of inquiry for the deposition and, while at the deposition, would suggest areas that in his determination needed follow-up. However, the court is unable to parse out the portion of such time which would not have been duplicative and redundant of that of the AUSA.

| | |
|---|---|
| Attorney's fees (582.25 hours × $100/hour) | $58,225.00 |
| Sam Burch (31 hours × $37.00/hour) | 1,147.00 |
| Keith Lerch (4 hours × $37.00/hour) | 148.00 |
| David C. Cundiff (672 hours × $30.90/hour) | 20,764.80 |
| Jeff McDermott (15 hours × $185/hour) | 2,775.00 |
| Costs of various transcripts | 1,858.44 |
| Total | $84,918.24 |

Final judgment will be duly entered.